IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JANICE VAUGHN,

                Plaintiff,                     No. 3:10-cv-930-HZ

      v.

COMMISSIONER, SOCIAL                    OPINION & ORDER
SECURITY ADMINISTRATION,

                Defendant.

James S. Coon
SWANSON, THOMAS & COON
820 S.W. 2d Avenue, Suite 200
Portland, Oregon 97204

      Attorney for Plaintiff

S. Amanda Marshall
UNITED STATES ATTORNEY
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2902

1 - OPINION & ORDER

L. Jamala Edwards
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 600
Portland, Oregon 97201-2902

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Janice Vaughn brings this action seeking judicial review of the Commissioner's

final decision to deny disability insurance benefits (DIB). This Court has jurisdiction pursuant to

42 U.S.C. § 405(g). I reverse the Commissioner's decision.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB on March 1, 2006, alleging an onset date of February 28, 2006.

Tr. 84-89. Her application was denied initially and on reconsideration. Tr. 51, 53-58, 52, 59-60.

      On February 24, 2009, plaintiff appeared, with counsel, for a hearing before an

Administrative Law Judge (ALJ). Tr. 17-50. On April 29, 2009, the ALJ found plaintiff not

disabled. Tr. 6-16. The Appeals Council denied review. Tr. 1-5.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on having kidney problems and anxiety attacks. Tr. 102.

At the time of the hearing, she was fifty-two years old. Tr. 22. She is a high school graduate and

has past relevant work experience as a receptionist and customer service representative. Tr. 15,

23. Because the parties are familiar with the medical and other evidence of record, I refer to any

additional relevant facts necessary to my decision in the discussion section below.

/ / /

2 - OPINION & ORDER

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).   The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the

3 - OPINION & ORDER

claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five,

the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden

and proves that the claimant is able to perform other work which exists in the national economy,

the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

THE ALJ'S DECISION

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful

activity since her alleged onset date through December 31, 2008, her date of last insured.  Tr. 11.

Next, at steps two and three, the ALJ determined that plaintiff has the severe impairment of

kidney stones, but that the impairment does not meet or equal, either singly or in combination, a

listed impairment.  Tr. 11-13.

At step four, the ALJ concluded that plaintiff had the residual functional capacity (RFC)

to perform light work as follows:  she can sit eight hours in an eight-hour day with normal

breaks; she can stand and walk eight hours in an eight-hour day with normal breaks; she should

be permitted to alternate sitting and standing to be comfortable; she can lift a maximum of forty

pounds; she can lift twenty pounds occasionally and ten pounds frequently; she is limited to

stooping occasionally but has no other postural, manipulative, visual, or communicative

limitations; she can work in all environments; and she is limited to simple, routine, repetitive

tasks.  Tr. 13.

With this RFC, the ALJ determined that plaintiff was unable to perform any of her past

relevant work.  Tr. 15.  However, at step five, the ALJ determined that plaintiff was able to

perform jobs that exist in significant numbers in the economy such as information clerk,

production/assembly worker, and electronic worker.  Tr. 16.  Thus, the ALJ determined that

plaintiff was not disabled.  Id.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings are based on legal error or are not supported by substantial evidence in

the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial

evidence means more than a mere scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal

quotation omitted).  The court considers the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision.  Id.; Lingenfelter v. Astrue, 504 F.3d

1028, 1035 (9th Cir. 2007).  "Where the evidence is susceptible to more than one rational

interpretation, the ALJ's decision must be affirmed."  Vasquez, 572 F.3d at 591 (internal

quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir.

2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not

substitute [its] judgment for the ALJ's") (internal quotation omitted).

## DISCUSSION

Plaintiff contends that the ALJ made three errors:  (1)  the ALJ failed to identify the

specific parts of plaintiff's testimony that she found to be not credible and failed to explain what

evidence undermines that testimony; (2) the ALJ failed to give clear and convincing reasons for

rejecting plaintiff's testimony; and (3) the ALJ erred in rejecting the opinion of plaintiff's treating

physician Dr. Janis Howatt, M.D.

/ / /

5 - OPINION & ORDER

I. Plaintiff's Testimony

The ALJ described plaintiff's subjective testimony as follows:

The claimant has alleged that she is unable to sustain basic work activities on a regular and continuing basis due to her kidney stone symptoms, which, when present, cause her severe pain. The claimant stated she had symptoms two to four times per month lasting from two days to two weeks. The claimant indicated that when her kidney stone symptoms were present, she could not do much of anything and took pain medications and stayed in bed most of the day. The claimant indicated the pain medications caused her to be drowsy and affected her concentration. Exhibit 3E, hearing testimony.

Tr. 13.

Then, the ALJ rejected plaintiff's testimony:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

The overall record and objective medical evidence do not support the alleged severity of the claimant's symptoms and limitations. A December 2, 2006 treatment record from Dr. Howatt indicated that although the claimant complained of symptoms related to her kidney stones, she did not see her urologist and only requested pain medication. A May 15, 2007 treatment record from Dr. Howatt indicated that the claimant had not refilled Urocit-K to prevent kidney stones for more than three months. Exhibit 10F/7, 52.

Additionally, as noted above, the claimant reported a range of activities which is inconsistent with the alleged severity of her impairments. The claimant reported she had no problems with personal care, could prepare her own meals, could do house and yard work, went out once or twice a week, could shop in stores, and spent time with others. Exhibit 3E.

Tr. 13-14.

Plaintiff makes two separate arguments regarding the ALJ's rejection of her symptom testimony. First, she contends that the ALJ erred by failing to denote more specifically which

6 - OPINION & ORDER

parts of her testimony the ALJ credited and which parts the ALJ rejected. As part of that argument, plaintiff also attacks the ALJ's "reverse" or "circular" reasoning apparent by the ALJ's statement that she rejected certain statements to the extent they are inconsistent with the RFC. Second, and separately, plaintiff argues that to the extent the ALJ articulated any reasons in support of her credibility finding, those reasons are not supported by clear and convincing evidence. Because I agree with plaintiff as to the second argument, there is no need to discuss the first argument.

Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. Carmickle v. Comm'r, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons'"). The credibility finding must be supported by substantial evidence. Holohan v. v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001).

An ALJ may not reject a claimant's subjective complaints based solely on a lack of corroboration by the objective medical evidence. Rollins v. Massanari, 261 F.3d 853, 856, 857 (9th Cir. 2001). The ALJ may properly consider several factors, including the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may also consider the ability to perform household chores, the lack of any side effects

from prescribed medications, and the unexplained absence of treatment for excessive pain.  Id.

As to the ALJ's second argument regarding the alleged inconsistency between plaintiff's subjective limitations and her daily activities, the ALJ has misconstrued the record and thus, this reason is not clear and convincing and is not supported by substantial evidence in the record. The ALJ cited Exhibit 3E in support of this finding.  Exhibit 3E is plaintiff's April 10, 2006 "Adult Function Report."  Tr. 109-16.

There, plaintiff made the following representations:  (1) on days she is not bothered by kidney stones, she gets up and dressed and performs normal household chores such as reading, cooking dinner, vacuuming, laundry, and dusting, but on the days she has kidney stones, she stays in bed and takes pain medication; (2) when she can, she cooks and does laundry and feeds pets, but when she has a kidney stone, she is unable to do much of anything; (3) when she has a stone, the pain keeps her awake and affects her sleep; (4) she requires no help with personal care; (5) she goes outside once or twice a week, but only to the grocery or drug store; (6) she can drive, unless she is on pain medication for a stone; (7) her hobbies are reading and watching television, unless she is taking pain medication for a stone and then, she has problems concentrating; (8) her social activities consist of talking to family on the phone and visits from her son; (9) while she can engage in physical activities such as lifting, squatting, sitting, etc., she is unable to perform these activities if she is having a stone because it is too painful to do so; and (10) passing a stone interferes with her ability to concentrate,  Id.  At the end of the report, plaintiff explained that "[s]ome of the questions are hard to answer" because when she is not having a kidney stone attack, she can do "things," but when she has kidney stone problems, which can be a couple of times per month, she is incapacitated.  Tr. 116.

8 - OPINION & ORDER

The ALJ's description of this report is not completely accurate. The statement that plaintiff had no problems with personal care is consistent with the report. Aside from that, the ALJ appears to have picked certain statements out of context. For example, the ALJ states that plaintiff could prepare her own meals, and do house and yard work. Tr. 14. What plaintiff reported, however, was that plaintiff could engage in such activities only when she was not having a kidney stone attack. Plaintiff makes perfectly clear that when she is having an attack, she is in pain, takes pain medication, stays in bed, and is incapacitated, rendering her unable to perform almost all of the activities the ALJ stated she could perform. Additionally, nowhere in plaintiff's Adult Function Report does plaintiff indicate she can do yard work. And, the ALJ's statement that plaintiff spends time with others is an exaggeration of plaintiff's testimony that her social contacts are limited to visits from her son and talking with family on the phone.

In fact, plaintiff's testimony is entirely consistent with the statements she made in her Adult Function Report and is representative of someone who experiences unpredictable, episodic pain symptoms. Plaintiff testified that suffers from "constant kidney stones" which can cause severe pain. Tr. 25. The severity of the pain depends on the location and size of the particular stone. Tr. 27. She experiences severe attacks approximately two to four times per month. Id. She has had lithotripsy five times. Id. The record indicates that plaintiff has suffered from the kidney stone condition for several years. See Tr. 276 (Dr. Howatt's notation that plaintiff has had the condition since at least June 2004).

Plaintiff was terminated from her last three places of employment for absences related to unpredictable pain that kept her in bed. Tr. 37-38. She testified that when she is not incapacitated by pain, she cleans house by dusting and trying to vacuum. Tr. 29. These

9 - OPINION & ORDER

statements are consistent with her Adult Function Report.  Additionally, the fact that she can

leave the house a couple of times per week to grocery shop or go to the pharmacy, again, if she is

not having a kidney stone attack, is consistent with the nature of her condition.

In sum, plaintiff does not report a "range of activities which is inconsistent with the

alleged severity of her impairments" because she testified that she engages in various activities

only when she is not experiencing debilitating kidney stone pain, such pain is unpredictable and

occurs more than once per month, and when she experiences such pain, she suffers from

impaired concentration (either due to the pain or the pain medication) and typically stays in bed.

The ALJ erred in rejecting plaintiff's testimony on this basis.

In addition to this alleged inconsistency between her symptoms and her daily activities,

the ALJ also indicated that the "overall record" and the objective medical evidence did not

support plaintiff's testimony.  The reference to the "overall record" is too vague to be meaningful.

That leaves the lack of corroborative medical evidence as the sole basis for rejecting plaintiff's

testimony.  However, as noted above, this is not a valid basis, standing alone, on which to reject

her testimony.  Therefore, the ALJ erred in rejecting plaintiff's subjective testimony.

II.  Treating Physician Opinion

In January 2009, plaintiff's treating physician Dr. Howatt, whom plaintiff had seen as a

primary care provider since June 2004, completed an RFC assessment in which she opined that

plaintiff could rarely lift twenty pounds, could occasionally lift ten pounds, and could frequently

lift less than ten pounds.  Tr. 278.  Dr. Howatt noted that plaintiff suffered severe disabling back

and urinary tract pain, and severe, disabling abdominal pain as a result of her well-documented,

multiple, and recurrent kidney stones.  Tr. 276.  She stated that plaintiff's experience of pain or

other symptoms would frequently be severe enough to interfere with the attention and

concentration needed to perform simple work tasks.  Tr. 277.

Dr. Howatt indicated that plaintiff could sit one hour at time before needing to get up and

for a total of four hours in an eight-hour day, could stand twenty minutes before needing to sit

down or walk around, could stand/walk for a total of about two hours in an eight-hour day, and

would need to walk five minutes out of every sixty during the course of an eight-hour day.  Id.

She also indicated that plaintiff would need a job that permitted shifting positions at will from

sitting, standing, or walking.  Id.  She opined that plaintiff would need to take unscheduled

breaks, perhaps once every two hours, during an eight-hour day.  Tr. 278.  Dr. Howatt further

stated that plaintiff's impairments were likely to produce "good days" and "bad days," and that on

average, she would be absent from work more than four days per month as a result of her

impairments or treatment.  Tr. 279.

The ALJ rejected Dr. Howatt's opinion, stating that "Dr. Howatt's opinions are given little

weight, as they are inconsistent with the medical evidence of record as well as the claimant's own

reports of her daily activities."  Tr. 14.  Although the ALJ does not mention Dr. Howatt again,

she concludes that the physical assessment from non-examining Disability Determination

Services (DDS) physician Sharon Eder, M.D., in which Dr. Eder found plaintiff capable of light

work with additional postural limitations, deserved substantial weight.  Id.  The ALJ explained:

> Although Dr. Eder did not examine the claimant, and therefore her opinions do
> not as a general matter deserve as much weight as those of examining or treating
> physicians, those opinions do deserve some weight, particularly in a case like this
> in which there exist a number of other reasons to reach similar conclusions (as
> explained throughout this decision).  It should also be noted Dr. Eder reviewed the
> medical evidence objectively, and would be unlikely to be sympathetic or
> prejudiced toward the interests of the claimant.  For all of these reasons,

11 - OPINION & ORDER

substantial weight has been given to the determinations of Dr. Eder.

Id.

Plaintiff argues that the ALJ erred in rejecting Dr. Howatt's opinion.  I agree.

Social security law recognizes three types of physicians:  (1) treating, (2) examining, and (3) non-examining.  Holohan, 246 F.3d at 1201-02; Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant.  Holohan, 246 F.3d at 1202; 20 C.F.R. §§ 1527(d)(1)-(2), 416.927(d)(1)-(2).

If the treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight.  Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Holohan, 246 F.3d at 1202.  If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ must still articulate the relevant weight to be given to the opinion under the factors provided for in 20 C.F.R. §§ 1527(d)(2), 416.927(d)(2).  Orn, 495 F.3d at 631.

If the treating physician's opinion is not contradicted by another doctor, the ALJ may reject it only for "clear and convincing" reasons.  Id. at 632.  Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and substantial reasons" which are supported by substantial evidence in the record.  Id.

The only reason the ALJ articulates in support of her rejection of Dr. Howatt's opinion is that Dr. Howatt's opinion is inconsistent with the medical evidence of record and claimant's own

12 - OPINION & ORDER

reports of her daily activities.  First, the general reference to inconsistency with the medical

evidence of record is not a specific reason.  It is simply too vague to allow meaningful review.

Second, other than a few treatment records from endocrinologist Dr. Patricia Burford, M.D.

regarding plaintiff's thyroid nodule, there are no treating or examining physician records in the

Administrative Record with the exception of those from Dr. Howatt or her colleagues at the

Broadway Medical Clinic.  See Tr. 175-371.  Upon review of these records, I find no apparent

inconsistency with Dr. Howatt's opinion.  Thus, the ALJ's reason is neither specific nor

substantial and it is not based on substantial evidence in the record.

Second, as previously discussed, plaintiff's ability to engage in various daily activities

depends on whether she is, or is not, experiencing kidney stone pain.  The ALJ's general

reference to Dr. Howatt's opinion being inconsistent with plaintiff's daily activities is lacking the

requisite specificity.  And, when plaintiff's report of her daily activities is understood in the

context in which she gave it, there is no inconsistency between that report and Dr. Howatt's

opinion.  Thus, the ALJ failed to articulate any specific and substantial basis for discrediting Dr.

Howatt's opinion.

Moreover, the opinion of a non-examining physician "cannot by itself constitute

substantial evidence that justifies the rejection of the opinion of either an examining physician or

a treating physician."  Lester, 81 F.3d at 831.  Thus, the opinion of Dr. Eder contained in her

physical RFC does not provide a basis for rejecting Dr. Howatt's opinions.  The ALJ's decision to

give Dr. Eder's opinion "some weight" because "there exist a number of other reasons to reach

similar conclusions (as explained throughout this decision)" is, at best, a confusing rationale.

Without a specific reference to the nature of the "number of other reasons" the ALJ refers to, the

statement lacks any meaning and it is entirely unclear where "throughout this decision," these "number of other reasons" appear.

Finally, it was improper to credit Dr. Eder's opinion over Dr. Howatt's because Dr. Eder's opinion was somehow more objective. The only possible reason Dr. Eder's opinion could be more objective is because the ALJ implicitly found that, by the virtue of being plaintiff's treating physician, Dr. Howatt's opinion is unduly sympathetic or prejudiced in plaintiff's favor. But, the ALJ did not make such a finding and there is no basis for it in the record. Absent a finding, the ALJ's reasoning that the non-examining physician's opinion is more worthy because it is objective, runs counter to the established law that a treating physician's opinion is entitled to more weight because he or she is "employed to cure and [has] a greater opportunity to know and observe the patient as an individual." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); see also Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998) (ALJ's "skepticism of a treating physician's credibility flies in the face of clear circuit precedent").

Defendant argues that the ALJ properly found Dr. Howatt's opinion to be entitled to little weight because it is a "fill-in-the-blank" form. While this may be a valid basis for rejecting a treating physician's opinion in some cases, such a rejection is not typically based solely on the format of the opinion, but because the opinion is unaccompanied by explanation and unsupported by treatment records. E.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings"); Crane v. Shalala, 76 F.3d 251, 256 (9th Cir. 1996) (ALJ permissibly rejected psychological evaluations because they were check-off reports that did not contain any explanation of the bases of their conclusions). Dr. Howatt's opinion contains explanatory

14 - OPINION & ORDER

information and is supported by more than four years of treatment notes.

More fundamentally, however, the ALJ herself did not articulate the format of Dr.

Howatt's opinion as a basis for rejecting it.   Thus, defendant advances a post-hoc rationalization

which I may not consider.   Stout v. Commissioner, 454 F.3d 1050, 1054 (9th Cir. 2006) (court is

"constrained to review the reasons the ALJ asserts") (internal quotation omitted); Pinto v.

Massanari, 249 F.3d 840, 847 (9th Cir. 2001) ("we cannot affirm the decision of an agency on a

ground that the agency did not invoke in making its decision").

The ALJ failed to offer specific and substantial reasons, supported by substantial

evidence in the record, in support of her rejection of Dr. Howatt's opinion.

III.   Remand For Benefits

Plaintiff seeks a remand for the payment of benefits.   The decision whether to remand for

further proceedings or for immediate payment of benefits is within the discretion of the court.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000).   The issue turns on the utility of further

proceedings.   A remand for an award of benefits is appropriate when no useful purpose would be

served by further administrative proceedings or when the record has been fully developed and the

evidence is insufficient to support the Commissioner's decision.   Rodriguez v. Bowen, 876 F.2d

759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate

award of benefits directed where "'(1) the ALJ has failed to provide legally sufficient reasons for

rejecting such evidence, (2) there are no outstanding issues that must be resolved before a

determination of disability can be made, and (3) it is clear from the record that the ALJ would be

required to find the claimant disabled were such evidence credited.'"   Harman, 211 F.3d at 1178

(quoting Smolen, 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony and Dr. Howatt's opinions on plaintiff's functional limitations. At the hearing, the vocational expert (VE) testified that missing two days of work per month would preclude employment in any of the jobs the VE previously testified plaintiff would be able to perform under the ALJ's RFC. Plaintiff's testimony and Dr. Howatt's opinion both confirm that given plaintiff's episodic and debilitating pain, she would likely miss more than two days of work per month. Thus, it is clear from the record that the ALJ would be required to find plaintiff disabled were the improperly rejected testimony and opinion credited as true. Remand for an award of benefits is appropriate.

CONCLUSION

The Commissioner's decision is reversed and remanded for an award of benefits.

IT IS SO ORDERED.

Dated this   4th   day of  January         , 2012

                                  /s/ Marco A. Hernandez
                                  Marco A. Hernandez
                                  United States District Judge